IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARMAINE PRATER,<br>Plaintiff,<br><br>v.<br><br>AMERICAN HERITAGE FEDERAL<br>CREDIT UNION, *et al.*,<br>Defendants. | :<br>:<br>:<br>:    CIVIL ACTION NO. 18-CV-5515<br>:<br>:<br>:<br>: |

## MEMORANDUM

RUFE, J.                                                                JANUARY 7, 2019

Plaintiff Charmaine Prater, a regular *pro se* litigant in this Court, filed this civil action against the American Heritage Federal Credit Union, "Vice President Brian Hahn," "President Bruce Foulke (CEO)," Lynette Smart (identified as assistant to Brian Hahn), John Doe (former manager of Red Lion Customer Service), Jane Doe (Supervisor of Red Lion customer service), Jane Doe (Loan Department/Back Office Manager), John Doe (quality control/credit reporting/bureau reporting IT Department), John Doe (Hunting Park Location Teller/Clerk), Jane Doe (Hunting Park Location Teller/Clerk), Stephanie Pompey (with the notation "Esquire of Drive here and Private Practice"), Matthew James (with the notation "Operator Manager of Drive Here"), and Thomas F. Chapman (identified as chairman of the Board and CEO of Equifax, Inc.). Prater has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Prater leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

I.     **FACTS**

The basis for Prater's claims is somewhat difficult to understand due to the manner in which the Complaint is pled and the occasional difficulty in reading Prater's handwriting. Prater

alleges that "dating back to 2016" and "on going currently," the Defendants "have taken control over [her] accounts and allowed or/and created unauthorized auto etc. accounts accept payments for [her] but applied it elsewhere . . . ." (Compl. at 6.)[1] She claims that she is "at major risk due to fraud discrimination and retaliation action by defendants who have full control over [her] accounts at the American Heritage Credit Union." (*Id*)

It appears Prater is alleging that the Defendants "erroneously reported duplicated accounts"—apparently duplicate accounts related to her car loan—and listed different balances on those accounts. (*Id.* at 6 & 9.) The Court understands her to be claiming that a payment for her car loan was erroneously applied to a vacation loan based on a false allegation that Prater requested her payment be applied in such a manner. Prater also alleges that she was "barred . . . from the Credit Union after she requested copies of her statements from the Credit Union . . . ." (*Id.* at 6.) She further contends that she "addressed the manager at Red Lion Rd that her and her husband had disability [sic] they took advantage of them and [unintelligible] . . . who failed to due diligence but went along [unintelligible]." (*Id.*)

Prater indicates that "this matter involves civil rights violations [and] securities violation frauds" as well as "Disability violation," "identify theft," "Housing discrimination," "Due process violation," as well as other violations of federal laws. (*Id.* at 5.) She claims that she suffered from "displacement and other harms" as a result of the Defendants' conduct. (*Id.* at 7.) She seeks compensatory and punitive damages for a total amount of $180,000. She also wants the Court to prevent the repossession of certain of her property, presumably her car, although that is unclear.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Prater leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Prater's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Prater is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court may also dismiss a case that is duplicative of prior or pending litigation. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."); *see also Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000) (explaining that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. Failure to Comply with Rule 8

It is difficult to determine whether Prater has a basis for a plausible claim due to the manner in which the Complaint is pled. She does not identify which Defendants are responsible for which conduct, and appears to group different incidents together, making it difficult to understand how the events relate to each other. Indeed, it would be difficult for any Defendant to meaningfully respond to Prater's Complaint because it is not clear what each Defendant is alleged to have done and how each Defendant is liable to Prater. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). Accordingly, the Complaint fails to comply with Rule 8 as pled. There are also other deficiencies in Prater's claims—to the extent they can be understood—which the Court will address below.

### B. Civil Rights Claims

Prater appears to be raising civil rights claims, pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, nothing in the Complaint suggests that any of the Defendants are state actors. *See James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (per curiam) (dismissing claims "against the Heritage Valley Federal Credit Union, its President and Chairman, Ames and

4

Dunkelberger respectively, and an employee, Jane Gee" because those individuals are not state actors). Accordingly, there is no basis for any constitutional claims here.

### C. Claims for Securities Fraud

Prater also appears to be attempting to raise claims for securities fraud in light of the fact that she refers to securities fraud in her Complaint and indicated on the Court's Designation Form that this is a case under the Securities Acts. "The elements of an implied § 10(b) cause of action for securities fraud are (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 488 (2013) (internal quotations omitted). Nothing in the Complaint supports a cause of action for securities fraud because nothing relates to the purchase or sale of securities or misrepresentations related to securities. Accordingly, the Court will dismiss any such claims.

### D. Claims Related to Disability and Housing Discrimination

The Complaint suggests that Prater is claiming she was discriminated against due to a disability and in relation to housing. However, none of her allegations clarify those claims. It is not clear what disability she is claiming, how she was discriminated against because of that disability, or how she was discriminated against in housing based on her membership in a protected class. Accordingly, her discrimination claims are based solely on conclusory allegations and must be dismissed.

### E. Claims for "Identity Theft"

Prater also claims to be a victim of identity theft. However, the federal statute criminalizing identity theft, 18 U.S.C. § 1028A, does not give rise to a civil cause of action. *See*

5

*Riga v. Benezette*, No. 612CV414ORL19DAB, 2012 WL 12910269, at *3 (M.D. Fla. July 12, 2012) ("Plaintiff is a private citizen and does not have standing to bring a case under section 1028A because it is a criminal statute"). Accordingly, if Prater sought to bring a federal claim on that basis, her claim is dismissed.

### F. Other Claims

Liberally construing the Complaint, it also appears that Prater may be raising claims under the Fair Credit Reporting Act ("FCRA"). The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). It appears that Prater may be alleging that accounts appeared on her credit report that were misrepresented in certain ways.

To state a claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that "[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b), 1681n & § 1681o. Although Prater alludes to a car loan, a misapplication of a payment to a vacation loan, and duplicate accounts, her disjointed allegations do not set forth a clear basis for

6

a FCRA claim. She has not clearly identified the accounts or inaccuracies at issue, alleged that she filed a notice of dispute with any credit reporting agency, or explained how furnishers of her account information failed to investigate any dispute. Accordingly, the Complaint does not state a FCRA claim as pled.

Finally, in the event Prater sought to raise claims under state law, there is no independent basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "'The general rule with respect to [federal credit unions] is that... [they are] not considered to be a citizen of any particular state for the purpose of establishing diversity of citizenship.'" *Broadbridge Fin. Sols., Inc. v. CNBS, LLC*, No. 15 CIV. 4978 (PAC), 2016 WL 1222339, at *1 (S.D.N.Y. Mar. 23, 2016) (quoting *TCT Fed. Credit Union v. Cumis Inc. Soc., Inc*, No. 10-150, 2011 WL 817496, at *2 (N.D.N.Y. Mar. 2, 2011)) (alteration in original). Rather, they are "national citizens" that are not amenable to jurisdiction under § 1332(a) unless "the credit union's activities are 'localized' within a single state." *Id.* (quoting *TCT Fed. Credit Union*, 2011 WL 817496, at *2); *see also Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959) (agreeing with conclusion that, in assessing citizenship

of federal credit union, the "localization of activity within a particular state sufficed to make a federal corporation a citizen of that state"). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Here, the Complaint does not allege the citizenship of any of the parties. Accordingly, Prater has not met her burden of establishing that subject matter jurisdiction exists over any state law claims. Furthermore, as all of the parties appear to be located in Pennsylvania, it seems unlikely that the parties are diverse for purposes of § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Prater leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Prater's right to file an amended complaint within thirty (30) days in the event that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.